# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SYLVIA CABIRAN, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-7694** |
| | * | |
| **JOSEPH L. BAER, ET AL.** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's (Cabiran's) Motion to Remand, Consolidate with Divorce Case, and Opposition to Informa Pauperis Status (Rec. Doc. 6), Defendant's (Baer's) opposition thereto (Rec. Doc. 8), and Plaintiff in Intervention's (B&C's) related opposition (Rec. Doc. 9). After considering the Motion, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 6) is **GRANTED**. Because federal jurisdiction is lacking, the remaining parts of Plaintiff's Motion are left for state court consideration.

BACKGROUND

This action arises from default on promissory notes allegedly due and payable to Plaintiff (hereinafter "Cabiran") by Defendant (hereinafter "Baer"). Cabiran alleges that Defendant incurred substantial debts, in excess of $262,000, from her and on her credit over the course of their marriage in connection to personal expenses and business expenses related to Plaintiff in Intervention, B&C MARINE, LLC (hereinafter "B&C"). (*See* Doc. 8-1.) While the original petition is factually vague and ambiguous, it

appears that Cabiran is suing based on promissory notes that were given to her while she was an officer of and counsel for B&C. Cabiran originally filed in Orleans Parish Civil Court, and then B&C filed a petition of intervention based on actions harmful to the company, the employees, and its vessel (the riverboat "Magnolia Belle") in the amount of $2,000,000. Based on B&C's alleged federal question on admiralty jurisdiction and Baer's claim of diversity of citizenship and amount in controversy exceeding $75,000, Baer timely removed the action to this Court. (*See* Notice of Removal ¶¶ 1-5.)

Cabiran contends that there is no diversity between herself and Baer, or her and B&C, and that the standard for subject matter jurisdiction under federal admiralty jurisdiction is not met. Further, Cabiran contends that there is no federal question for federal subject matter jurisdiction as B&C, a now defunct corporation, has no legitimate claim that arises under the Constitution or laws of the United States.

Baer and B&C contend that admiralty law governs the issues and presents a federal question, and also argue that there is diversity jurisdiction. Bear argues that he has been a citizen of Kentucky since the removal was filed and satisfies diversify of citizenship requirement.

FINDINGS

A defendant may remove a civil action pending in state court if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). However, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a case lacks subject matter jurisdiction, remand is permitted at any time before final judgment. 28 U.S.C. § 1447; *Doddy v. Oxy USA,* 101 F.3d 448, 456 (5th Cir. 1996). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The removal statute should be strictly construed in favor of remand, and any ambiguities should be construed against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989).

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." *See* 28 U.S.C. § 1332. A corporation is considered to be a citizen of the state that it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010) (defining "principal place of business" as the "nerve center," i.e., "the place where a corporation's officers

direct, control, and coordinate the corporation's activities."). The burden of proof is on the party invoking federal jurisdiction if diversity is challenged. *Id.* at 1184.

Determining admiralty jurisdiction to establish federal subject matter jurisdiction has a well settled three part test. A wrong is actionable in admiralty if it occurred on navigable waters. *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 253-54 (1972). The Supreme Court has established a test that lays out three requirements. The requirements of (1) A potential impact on maritime commerce, (2) bears a substantial relationship to traditional maritime activity, and (3) occurs on navigable water must be satisfied. *Id.; see also Sisson v. Ruby*, 497 U.S. 358 (1990).

In this case, the removing party, Baer, failed to establish facts that would allow for federal jurisdiction to remain. First, it is not facially apparent where Baer was domiciled at the initial time of filing of the suit. While Baer contends that he currently resides in Kentucky, he only recently filed for a change of address in the record. (*See* Doc. 8-1.) From this, it appears that diversity was not established before the suit was filed, destroying any argument that the removal was proper based on diversity jurisdiction under 28 U.S.C. 1332(a).

Second, pursuant to 28 U.S.C. § 1332 (c), B&C cannot claim diversity, as its place of incorporation and principal place of business are both in Louisiana, the same state as Plaintiff's

domicile or residence. It is irrelevant that B&C' primary vessel is docked in Mississippi, as vehicles of the corporation alone do not establish the corporate headquarters. Nothing here suggests that its boat dock is the nerve center or headquarters from which corporate policy and directives emanate. *See Hertz Corp.,* 130 S. Ct. at 1192. While the amount sought is in excess of $75,000, there is no diversity of citizenship on which to base a § 1332 claim in federal court.

B&C claims that a maritime lien filed against the vessel by Plaintiff with the National Vessel Documentation Center renders this claim an admiralty question. However, the existence of this maritime lien alone does not satisfy the three prongs of the *Executive Jet* case. The above-captioned matter was filed by Cabiran to collect on various promissory notes allegedly owed by Baer, and though some of these alleged debts stem from expenses related to the river boat, the claim is based upon a **state based** contract theory. As such, this case lacks the "substantial relationship" to traditional maritime activity required for this Court to assert admiralty jurisdiction. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 6) is **GRANTED.** Because federal jurisdiction is lacking, the remaining parts of Plaintiff's Motion are left for state court consideration.

New Orleans, Louisiana, this 7th day of June, 2010.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE